**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 2, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

MICHAEL J. FRISCHENMEYER,

Plaintiff-Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections; ROBERT HINSHAW,
Sedgwick County Kansas Sheriff;
UNKNOWN EIGHTEENTH
JUDICIAL DISTRICT COURT
JUDGE; BERNIE LUMBREAS;
LARRY LEFLORE; RUDY
PIERCE; UNKNOWN SEDGWICK
COUNTY SHERIFF'S DEPUTIES,

Defendants-Appellees.

No. 11-3291
(D.C. No. 6:10-CV-01430-WEB-KMH)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **McKAY**, and **GORSUCH**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Plaintiff Michael J. Frischenmeyer, appearing pro se, appeals the district court's dismissal of his civil rights action. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

## I. BACKGROUND

Mr. Frischenmeyer was incarcerated in Texas from 1994 until 2006, when he was released to mandatory supervision, agreeing to certain conditions of supervision, including waiver of extradition. The maximum expiration date of his mandatory supervision, if satisfactorily completed, was August 25, 2009.

Several days after his release, Mr. Frischenmeyer was sent to Kansas on a detainer to serve time remaining on a prior Kansas state sentence.[1] He was released from custody in June 2007 and settled in Wichita, Kansas. In October 2008 he was arrested in Wichita on a warrant based on violations of his Texas parole, namely, that he failed to report to his parole officer, failed to obtain permission before leaving Texas, and participated in certain prohibited financial transactions (obtaining a credit card and paying bills). He was returned to Texas without an extradition hearing and incarcerated there until June 2009.

In December 2010, Mr. Frischenmeyer filed this civil rights action under 42 U.S.C. § 1983, complaining about his release to mandatory supervision, his

---

[1] According to the record, the Kansas detainer had been erroneously cancelled, which led to Mr. Frischenmeyer's release to mandatory supervision. The error was corrected. Texas officials informed Mr. Frischenmeyer of the error and correction in writing in November and December 2006.

extradition to Kansas, and his arrest in Wichita. He named as defendants the former Secretary of Corrections of the Kansas Department of Corrections, Roger Werholtz; an unknown Kansas state court judge for the Eighteenth Judicial District and that district's clerk; Robert Hinshaw, who is the Sheriff of Sedgwick County, Kansas, and three unnamed Sedgwick County deputies; and two Texas officials, Larry LeFlore and Rudy Pierce. These defendants filed motions to dismiss under Federal Rule of Civil Procedure 12(b), which the district court granted on various grounds—qualified immunity (Mr. Werholtz), absolute judicial immunity (the Eighteenth Judicial District defendants), failure to state a claim (Sheriff Hinshaw), and lack of personal jurisdiction (Mr. LeFlore and Mr. Pierce). The court also denied Mr. Frischenmeyer's motion for summary judgment against Mr. LeFlore, Mr. Pierce, and other Texas entities and individuals, concluding that some of those defendants had not been named in the complaint or served, that permitting service or amendment of the complaint would be fruitless, and that the time for Mr. LeFlore and Mr. Pierce to file an answer had not expired. This appeal followed.

## II.    DISCUSSION

We review de novo the district court's dismissals under Rule 12(b). *See Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1147, 1153 (10th Cir. 2011) (Rule 12(b)(6) and judicial immunity); *Denver Justice and Peace Comm., Inc. v. City of Golden*, 405 F.3d 923, 927 (10th Cir. 2005) (Rule 12(b)(6) and qualified

immunity); *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1304 (10th Cir. 1994) (personal jurisdiction under Rule 12(b)(2)). Likewise, we review the district court's "denial of summary judgment de novo, applying the same legal standard used by the district court." *Kruchowski v. Weyerhaeuser Co.*, 446 F.3d 1090, 1092 (10th Cir. 2006). Because Mr. Frischenmeyer is pro se, his filings are entitled to a liberal construction, but we do not act as his advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In his appellate briefs, Mr. Frischenmeyer largely argues the merits of his claims, provides no citations to the record, and no supporting legal citations. Despite these shortcomings, we discern two specific arguments related to the bases for the district court's dismissal that we will address.

First, Mr. Frischenmeyer claims the district court erred in considering the motion to dismiss filed by Mr. LeFlore and Mr. Pierce rather than granting summary judgment against them for failing to file a timely answer or responsive motion to the complaint. However, the district court granted those defendants leave to file their motion to dismiss out of time, which was based in part on their attorney's need to obtain *pro hac vice* admission to practice law in Kansas. Accordingly, we see no error in the district court's consideration of the motion to dismiss or its denial of Mr. Frischenmeyer's motion for summary judgment.

Second, in his reply brief, Mr. Frischenmeyer claims the district court's failure to hold a hearing deprived him of an opportunity to submit evidence regarding the court's personal jurisdiction over Mr. LeFlore and Mr. Pierce. But due process does not require an oral hearing, and a district court has discretion to decide a motion to dismiss without one. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007); *Greene v. WCI Holdings Corp.*, 136 F.3d 313, 316 (2d Cir. 1998). Moreover, Mr. Frischenmeyer has not suggested any reason for his inability to submit his jurisdictional evidence along with his response to the motion to dismiss. Therefore, the district court's resolution of the motion to dismiss without a hearing did not violate Mr. Frischenmeyer's due process rights.

In addition to considering these specific arguments, we have reviewed the district court's decision and AFFIRM the district court's judgment for substantially the same reasons stated in its Memorandum and Order filed September 27, 2011. Mr. Frischenmeyer's motion to proceed on appeal without prepayment of costs or fees is GRANTED. In his reply brief, Mr. Frischenmeyer requests that we order appellees' attorneys to provide him and this court with their entries of appearance. That request is DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge